COURTESY COPY

#37

9:10-CV-0341
LEK/DRH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

RAFAEL SOLAR,                                    :

                    Plaintiff,                   :

            - against -                          :          08-CV-05747 (WHP)

                                                 :
DOWNSTATE CORR. FACILITY MEDICAL                 :
STAFF, et al.,                                   :

                    Defendants.                  :          Pro Se
-------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND TO TRANSFER VENUE

ANDREW M. CUOMO
Attorney General of the
 State of New York
Attorney for Defendants
120 Broadway, 24th floor
New York, New York 10271
(212) 416-6536

FREDERICK H. WEN
Assistant Attorney General
    of Counsel

July 10, 2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                                           :
RAFAEL SOLAR,                                              :
                                                           :
                        Plaintiff,                         :
                                                           :
            - against -                                    :        08-CV-05747 (WHP)
                                                           :
DOWNSTATE CORR. FACILITY MEDICAL                           :
STAFF, et al.,                                             :
                                                           :
                        Defendants.                        :        Pro Se
-----------------------------------------------------------x


## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND TO TRANSFER VENUE


                                        ANDREW M. CUOMO
                                        Attorney General of the
                                          State of New York
                                        Attorney for Defendants
                                        120 Broadway, 24th floor
                                        New York, New York 10271
                                        (212) 416-6536


FREDERICK H. WEN
Assistant Attorney General
        of Counsel

July 10, 2009

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................... iii

PRELIMINARY STATEMENT .......................................................................................... 1

STATEMENT OF THE CASE ........................................................................................... 3

STANDARD OF REVIEW ................................................................................................ 5

ARGUMENT ...................................................................................................................... 6

POINT I
PLAINTIFF'S CLAIMS AGAINST SUPERVISORY DEFENDANT FORMER
SUPERINTENDENT ANNETTS SHOULD BE DISMISSED FOR FAILURE TO
PLEAD SUFFICIENT PERSONAL INVOLVEMENT UNDER SECTION 1983. ......... 6

POINT II
THE REMAINING DEFENDANTS ARE PROTECTED BY THE ELEVENTH
AMENDMENT TO THE EXTENT PLAINTIFF SUES THEM IN THEIR
OFFICIAL CAPACITIES FOR MONETARY DAMAGES UNDER SECTION
1983. .................................................................................................................................. 8

POINT III
AFTER DISMISSING FORMER SUPERINTENDENT ANNETTS, THIS COURT
SHOULD TRANSFER VENUE TO THE NORTHERN DISTRICT OF NEW
YORK UNDER 28 U.S.C. §§ 1391(b) AND 1404(a). ....................................................... 9

POINT IV
SHOULD THIS COURT TRANSFER VENUE, IT SHOULD STAY THE TIME
FOR FURTHER RESPONSIVE PLEADINGS AND DISCOVERY PENDING ANY
SCHEDULING BY THE NORTHERN DISTRICT COURT. ........................................ 12

CONCLUSION ................................................................................................................. 13

# TABLE OF AUTHORITIES

**FEDERAL CASES**                                                                              **Page**

Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937 (2009) .................................................. 5

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) .................................................. 5

Colon v. Coughlin, 58 F.3d 865 (2d Cir. 1995) .......................................................... 6, 8

Cook v. UBS Fin. Servs., 2006 U.S. Dist. LEXIS 12819 (S.D.N.Y. Mar. 21, 2006) .................. 10

Cuoco v. Moritsugu, 222 F.3d 99 (2d Cir. 2000) ....................................................... 7-8

Davis v. New York, 316 F.3d 93 (2d Cir. 2002) .......................................................... 8

Filmline (Cross-Country) Prods., Inc. v. United Artists Corp., 865 F.2d 513 (2d Cir. 1989) ..... 10

Fowlkes v. Rodriguez, 584 F. Supp. 2d 561 (E.D.N.Y. 2008) ...................................... 11

Hernandez v. Goord, 312 F. Supp. 2d 537 (S.D.N.Y. 2004) ......................................... 7

Joyner v. Greiner, 195 F. Supp. 2d 500 (S.D.N.Y. 2002) .............................................. 7

Kentucky v. Graham, 473 U.S. 159 (1985) ................................................................ 8

Manley v. Mazzuca, 2007 U.S. Dist. LEXIS 4379 (S.D.N.Y. Jan. 11, 2007) ........................... 7-8

Mitsui Marine & Fire Ins. Co. v. Nankai Travel Int'l Co.,
    245 F. Supp. 2d 523 (S.D.N.Y. 2003) ................................................................ 10

Provost v. City of Newburgh, 262 F.3d 146 (2d Cir. 2001) .......................................... 6

Publicker Indus. Inc. v. United States (In re Cuyahoga Equip. Corp.),
    980 F.2d 110 (2d Cir. 1992) ......................................................................... 10

Quern v. Jordan, 440 U.S. 332, 338 (1979) .............................................................. 8

Ruotolo v. City of New York, 514 F.3d 184 (2d Cir. 2008) ........................................... 5

Schoenefeld v. New York, 2009 U.S. Dist. LEXIS 36529 (S.D.N.Y. Apr. 16, 2009) .......... 10-11

Shariff v. Goord, 2005 U.S. Dist. LEXIS 18602 (S.D.N.Y. Aug. 26, 2005) .............................. 11

Smart v. Goord, 21 F. Supp. 2d 309 (S.D.N.Y. 1998) .................................................. 10

Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22 (1988) .................................................. 10

Verley v. Wright, 2007 U.S. Dist. LEXIS 71848 (S.D.N.Y. Sept. 27, 2007) ................................. 8

Voorhees v. Goord, 2006 U.S. Dist. LEXIS 48370 (S.D.N.Y. Feb. 24, 2006) .............................. 7

Warren v. Goord, 476 F. Supp. 2d 407 (S.D.N.Y. 2007) .................................................. 7

Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989) ......................................... 8

## FEDERAL STATUTES

28 U.S.C. § 112(a) .................................................................................................. 11

28 U.S.C. § 1391(b) ...................................................................................... 2, 9, 11

28 U.S.C. § 1404(a) ..................................................................................... 2, 9-12

28 U.S.C. § 1406(a) ......................................................................................... 2, 9

42 U.S.C. § 1983 ......................................................................................... 1-3, 6-8

## FEDERAL RULES

FED. R. CIV. P. 1 ................................................................................................. 12

FED. R. CIV. P. 8 ................................................................................................... 3

FED. R. CIV. P. 12(a)(1)(A) ................................................................................. 12

FED. R. CIV. P. 12(b)(1) ................................................................................... 2, 8

FED. R. CIV. P. 12(b)(6) ................................................................................... 2, 5

FED. R. CIV. P. 4(m) ............................................................................................ 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

|  |  |  |
|---|---|---|
| RAFAEL SOLAR, | : | **MEMORANDUM OF LAW** |
|  | : | **IN SUPPORT OF** |
| Plaintiff, | : | **DEFENDANTS' MOTION** |
|  | : | **TO DISMISS AND TO** |
| - against - | : | **TRANSFER VENUE** |
|  | : |  |
| DOWNSTATE CORR. FACILITY MEDICAL | : | 08-CV-05747 (WHP) |
| STAFF, et al., | : |  |
|  | : |  |
| Defendants. | : | <u>Pro Se</u> |

-------------------------------------------------------------x

## **PRELIMINARY STATEMENT**

Plaintiff Rafael Solar ("plaintiff") has been in the custody of the New York State Department of Correctional Services (DOCS) since 2001, and is currently incarcerated at the Attica Correctional Facility ("Attica"). Plaintiff brings this <u>pro se</u> Second Amended Complaint ("SAC"), under 42 U.S.C. § 1983, filed on December 22, 2008, alleging that prison and medical staff, while he was incarcerated at Downstate Correctional Facility ("Downstate"), Great Meadow Correctional Facility ("Great Meadow"), and Upstate Correctional Facility ("Upstate"), were deliberately indifferent to his medical needs in 2006-07. (Doc. #9, SAC at 3). He seeks $6,000,000 in compensatory damages for past and present pain, and requests further medical treatment. <u>Id.</u> at 5.

Following a pre-motion conference held on May 15, 2009, the Court, <u>inter alia</u>, terminated Nurse Lalieil from the action, due to plaintiff's failure to serve her within the 120-day period under FED. R. CIV. P. 4(m), and scheduled defendants' motion to dismiss and transfer venue to be filed by July 10, 2009. (Doc. #33).

Defendants Correction Captains Steven Rowe and Robert Lennox, Tad Nesmith, P.A., and Dr. David Thompson, all at Great Meadow, and Louise Tichenor, former P.A. at Upstate, and Paul

Annetts, former superintendent of Downstate (collectively "defendants"),[1] respectfully submit this memorandum of law in support of their motion to dismiss the SAC in its entirety as against former Superintendent Annetts, pursuant to FED. R. CIV. P. 12(b)(6), to dismiss any official-capacity claims against the remaining defendants Rowe, Lennox, Nesmith, Dr. Thompson, and Tichenor, pursuant to FED. CIV. P. 12(b)(1), to transfer venue to the Northern District of New York ("NDNY"), pursuant to 28 U.S.C. §§ 1391(b), 1406(a), and 1404(a), and to stay any responsive pleading and discovery deadlines.  This motion should be granted on the bases that:  (1) plaintiff has failed to plead any, let alone sufficient, personal involvement to support § 1983 liability on the part of former Superintendent Annetts; (2) the remaining defendants Rowe, Lennox, Nesmith, Dr. Thompson, and Tichenor, are protected by the Eleventh Amendment to the extent plaintiff sues them in their official capacities for monetary damages under § 1983; (3) should former Superintendent Annetts be dismissed, this Court should exercise its discretion to transfer venue to the NDNY because the remainder of plaintiff's claims arose at Great Meadow or Upstate in the NDNY, where all the remaining defendants reside, and the balance of factors weigh in favor of transfer under 28 U.S.C. §§ 1391(b), 1406(a), and 1404(a); and (4) any responsive pleading and discovery deadlines should be stayed pending the setting of deadlines by the NDNY court.  For these reasons, defendant former Superintendent Annetts respectfully requests that this Court grant the motion to dismiss the SAC in its entirety as against him, and the remaining defendants request that any official-capacity claims be dismissed, that this Court transfer venue to the NDNY, and that any responsive pleading and discovery deadlines be stayed for the NDNY court to set the schedule.

---

[1] As stated in the declaration, Ms. Tichenor retired from DOCS service, and Mr. Annetts retired as Downstate's superintendent, sometime in 2008.

2

## STATEMENT OF THE CASE

Plaintiff, who is currently incarcerated at Attica, originally filed this action against DOCS, the medical staff of Downstate and Great Meadow, Lennox, and an unidentified "Deputy of Security" at Great Meadow, on or before January 7, 2008. (Doc. #3 at 1 n.1).  He initially alleged that prison and medical staff at Great Meadow and Downstate were deliberately indifferent to his medical needs, and that Great Meadow officials assaulted him and took his personal property, citing several pages of attached medical records, grievance forms, and correspondence. (Doc. #3 at 1-3).

On June 26, 2008, Chief Judge Wood issued a 60-day order dismissing the original complaint due to numerous deficiencies such as failure to satisfy FED. R. CIV. P. 8, failure to plead adequately a deliberate indifference claim, failure to state a cognizable deprivation of property claim, dismissing DOCS and the medical staff of Downstate and Great Meadow because they were not "persons" under § 1983, and because DOCS enjoyed Eleventh Amendment immunity in any event, but granting plaintiff leave to file an amended complaint. Id. at 3-9.  Chief Judge Wood also stated that because plaintiff alleged that a substantial part of the events underlying his claims occurred at Great Meadow in the NDNY, and at Downstate in the Southern District, if the Great Meadow claims were not related to the Downstate claims, plaintiff should file another action in the NDNY for the Great Meadow claims. Id. at 6-7.

In granting leave to file an amended complaint, the Court also instructed plaintiff to:  (1) allege the events that supported his assault and deliberate indifference claims; (2) make clear at which facility each event occurred; (3) identify the correction officers (CO) or medical personnel directly involved in the caption and in the statement of claim, even if plaintiff could only name them as "John Does," but requiring details describing such "John Does"; (4) allege how each defendant violated his constitutional rights; (5) not name individuals unless he can allege how they were

3

personally involved; (6) explain how the alleged Great Meadow and Downstate claims are related to each other, and if they are not, he should file a new action regarding the Great Meadow claims in the NDNY; and (7) be advised that his amended complaint would completely replace his original complaint. (Doc. #3 at 7-9).

On July 17, 2008, plaintiff filed an amended complaint, removing DOCS and the medical staff, but keeping CO Lennox, and adding Dr. John Doe #1 of Downstate, acting Deputy Superintendent of Security Capt. Rowe, Dr. Thompson, Nurses Lalieil and T. Nesmith, all at Great Meadow, as well as P.A. Tichenor of Upstate, and again attached several pages of medical records together with grievances. (Doc. #5 at 1). On December 22, 2008, after summons had been issued for his Amended Complaint (AC), plaintiff filed this SAC against the same individuals above, removing Dr. John Doe #1 of Downstate from the caption, though not from his statement of claim, and adding former Superintendent Annetts, but failing to attach any of his medical records and grievances. (SAC at 1-3).

Plaintiff's SAC, however, is still fraught with deficiencies similar to those that beset his original complaint. First, plaintiff has named former Superintendent Annetts as a defendant without alleging how he violated plaintiff's constitutional rights. (SAC at 3). Second, plaintiff has failed to name any Downstate medical personnel in the caption, and though he listed a Dr. John Doe #1 in the fact section, he did not describe this "John Doe" with any identifying details such as whether and when he worked at Downstate, the shift he worked, and when any alleged constitutional violations occurred other than that Dr. John Doe #1 allegedly failed to have a "no stairs order" enforced. Id. Third, plaintiff still fails to allege how his Great Meadow and Downstate claims are related to each other, and the only medical personnel he listed in his claims all work at Great Meadow or used to work at Upstate. Id. at 3. Plaintiff repeats his sparsely pleaded claims such as

4

Nurses Lalieil's and Nesmith's treatment of him as engaging in "manipulative behavior on 9-6-06,"
Dr. Thompson sent Capt. Rowe numerous requests about plaintiff's medical needs that were not
enforced by Rowe in 2007, and P.A. Tichenor failed to respect Dr. Thompson's requests, amounting
to deliberate indifference. (SAC at 3). In the injuries section, plaintiff repeated his claims that he
has some injuries to his left knee, clavicular joint, and spine, but did not state when or where they
occurred. Id.

## STANDARD OF REVIEW

To withstand a Rule 12(b)(6) motion, while this Court must "accept[] all factual allegations
in the complaint and draw[] all reasonable inferences in the plaintiff's favor," Ruotolo v. City of
New York, 514 F.3d 184, 188 (2d Cir. 2008), the complaint must plead "enough facts to state a
claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570
(2007). Thus, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need
detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment]
to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a
cause of action will not do." Twombly, 550 U.S. at 555 (internal quotations omitted). The "tenet
that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal
conclusions" because "[t]hreadbare recitals of the elements of a cause of action, supported by mere
conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949
(2009) (citation omitted). Moreover, "only a complaint that states a plausible claim for relief
survives a motion to dismiss," which is "a context-specific task that requires the reviewing court to
draw on its judicial experience and common sense," "[b]ut where the well-pleaded facts do not
permit the court to infer more than the mere possibility of misconduct, the complaint has alleged –
but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. at 1950 (citations omitted).

5

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. at 1949 (internal quotations and citation omitted).

## ARGUMENT

### POINT I

**PLAINTIFF'S CLAIMS AGAINST SUPERVISORY DEFENDANT FORMER SUPERINTENDENT ANNETTS SHOULD BE DISMISSED FOR FAILURE TO PLEAD SUFFICIENT PERSONAL INVOLVEMENT UNDER SECTION 1983.**

Plaintiff alleges no personal involvement by former Superintendent Annetts whatsoever. (SAC at 3). Thus, plaintiff failed to plead that this defendant was sufficiently involved in the respective deliberate indifference conduct plaintiff claims to support § 1983 liability. See Provost v. City of Newburgh, 262 F.3d 146, 154 (2d Cir. 2001); Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) ("personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983") (internal quotation omitted). To assert a § 1983 violation, the personal involvement of a supervisory official may be established when:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

Colon, 58 F.3d at 873. Thus, merely "affirming the administrative denial of a prison inmate's grievance by a high-level official is insufficient to establish personal involvement under *section*

6

*1983*.". Manley v. Mazzuca, 2007 U.S. Dist. LEXIS 4379, at *33 (S.D.N.Y. Jan. 11, 2007) (emphasis in original); see also Warren v. Goord, 476 F. Supp. 2d 407, 413 (S.D.N.Y. 2007) (dismissing a complaint where "plaintiff does not explain how a denial of a grievance violates plaintiff's constitutional or federal rights so as to state a claim under § 1983"). "Both the Court of Appeals and numerous district courts in this Circuit have repeatedly held that receipt of letters or grievances is insufficient to impute personal involvement." Voorhees v. Goord, 2006 U.S. Dist. LEXIS 48370, at **14-15 (S.D.N.Y. Feb. 24, 2006) (collecting numerous cases). Broad, conclusory allegations that a high-ranking defendant was informed of an incident are also insufficient. See, e.g., Hernandez v. Goord, 312 F. Supp. 2d 537, 547 (S.D.N.Y. 2004) (no claim stated where plaintiff merely asserts that supervisor received letters of complaint). Additionally, non-medical defendants may not be held liable on any deliberate indifference claims unless a plaintiff can show how such non-medical defendants could have challenged a doctor's diagnosis. See Cuoco v. Moritsugu, 222 F.3d 99, 111 (2d Cir. 2000). Finally, prison administrators are "permitted to rely upon and be guided by the opinions of medical personnel concerning the proper course of treatment administered to prisoners, and cannot be held to have been 'personally involved' if he does so." Joyner v. Greiner, 195 F. Supp. 2d 500, 506 (S.D.N.Y. 2002).

Here, plaintiff has failed to allege that former Superintendent Annetts did anything whatsoever, let alone that he did anything to violate plaintiff's constitutional rights or related to his medical treatment at Downstate. (SAC at 1, 3). To the extent that plaintiff asserts former Superintendent Annetts was personally involved solely because he must have supervised the Downstate medical staff, which has not been alleged, plaintiff has not asserted that former Superintendent Annetts was a medical doctor or that he could have challenged a doctor's diagnosis, and thus, he may not be held liable on any deliberate indifference claims. See Cuoco, 222 F.3d at

7

111.   Accordingly, such lack of any allegations are insufficient to state any plausible claim of personal involvement as a matter of law, and all claims against former Superintendent Annetts should be dismissed for insufficient personal involvement. See Colon, 58 F.3d at 873; Manley, 2007 U.S. Dist. LEXIS 4379, at *33.

## POINT II

### THE REMAINING DEFENDANTS ARE PROTECTED BY THE ELEVENTH AMENDMENT TO THE EXTENT PLAINTIFF SUES THEM IN THEIR OFFICIAL CAPACITIES FOR MONETARY DAMAGES UNDER SECTION 1983.

Although plaintiff does not specify, his SAC appears to address all defendants in both their official and individual capacities for monetary damages. (SAC at 1-3). Section 1983, however, does not abrogate a state's sovereign immunity and there has been no waiver for such claims by the State of New York. See, e.g., Quern v. Jordan, 440 U.S. 332, 338 (1979); Verley v. Wright, 2007 U.S. Dist. LEXIS 71848, at *25 (S.D.N.Y. Sept. 27, 2007). Eleventh Amendment sovereign immunity extends to damages actions against state officials sued in their official capacities because the state is the real party in interest. See Kentucky v. Graham, 473 U.S. 159, 167 (1985); cf. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 n.10 (1989). Should this Court dismiss former Superintendent Annetts entirely, plaintiff's § 1983 damages claims against all remaining defendants Rowe, Lennox, Nesmith, Dr. Thompson, and Tichenor, in their official capacities, therefore, are barred by the Eleventh Amendment, and should be dismissed with prejudice under Rule 12(b)(1). See, e.g., Graham, 473 U.S. at 169; Davis v. New York, 316 F.3d 93, 101 (2d Cir. 2002) (barring official-capacity claims against DOCS and DOCS employees).

8

## POINT III

**AFTER DISMISSING FORMER SUPERINTENDENT ANNETTS, THIS COURT SHOULD TRANSFER VENUE TO THE NORTHERN DISTRICT OF NEW YORK UNDER 28 U.S.C. §§ 1391(b) AND 1404(a).**

As stated above, this Court should dismiss former Superintendent Annetts. Once Annetts were to be dismissed, because there would be no remaining defendants within the Southern District, venue of plaintiff's action against the remaining defendants Rowe, Lennox, Nesmith, Dr. Thompson, and Tichenor should be transferred to the NDNY, pursuant to 28 U.S.C. § 1404(a), because all of these remaining defendants work and reside within the NDNY, and the events which gave rise to plaintiff's deliberate indifference claims occurred in the NDNY.

28 U.S.C. § 1406(a) states that the "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." In addition, 28 U.S.C. § 1391(b), which addresses proper venue when jurisdiction is not predicated upon diversity of citizenship, as here, states:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Moreover, 28 U.S.C. § 1404(a), which addresses when it is proper for a court to transfer venue, states:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other

9

district or division where it might have been brought.

In considering a motion for a change of venue, a district court is required to weigh all case-specific factors relevant to the issue of venue. See Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29-30 (1988); see also Publicker Indus., Inc. v. United States (In re Cuyahoga Equip. Corp.), 980 F.2d 110, 117 (2d Cir. 1992)). "The determination whether to grant a change of venue requires a balancing of conveniences, which is left to the sound discretion of the district court." Filmline (Cross-Country) Prods., Inc. v. United Artists Corp., 865 F.2d 513, 520 (2d Cir. 1989). Among the factors to be considered by the Court are the

> [1] plaintiffs' choice of forum; [2] the location of operative facts; [3] convenience of the parties and witnesses; [4] location of documents and ease of access to sources of proof; [4] the forum's familiarity with the governing law; [5] the availability of process to compel the attendance of unwilling witnesses; [6] the relative means of the parties; and [7] trial efficiency.

Cook v. UBS Fin. Servs., 2006 U.S. Dist. LEXIS 12819, at **17-18 (S.D.N.Y. Mar. 21, 2006) (citations omitted). The convenience of party and non-party witnesses is the most important consideration in a Section 1404(a) motion. See Schoenefeld v. New York, 2009 U.S. Dist. LEXIS 36529, at **5-6 (S.D.N.Y. Apr. 16, 2009) (citing, inter alia, Mitsui Marine & Fire Ins. Co. v. Nankai Travel Int'l Co., 245 F. Supp. 2d 523, 526 (S.D.N.Y. 2003)). The location of a lawsuit's operative events also is a "primary factor" in considering a motion to transfer. See id. at *7 (citing Smart v. Goord, 21 F. Supp. 2d 309, 316 (S.D.N.Y. 1998)). While the plaintiff's choice of venue must be accorded substantial consideration, such deference is diminished where the suit is brought outside the plaintiff's home forum. See id. at *8.

In this case, it is clear that the events which gave rise to plaintiff's deliberate indifference claims all took place in the NDNY. (SAC at 1-3). Thus, there should be a transfer of venue to the NDNY because "a substantial part of the events or omissions giving rise to the claim occurred" at

10

Great Meadow in Washington County or, to a lesser extent, at Upstate in Franklin County, both of which are within the NDNY. 28 U.S.C. § 1391(b)(2); see also 28 U.S.C. § 112(a). Furthermore, all of the remaining defendants Rowe, Lennox, Nesmith, Dr. Thompson, and Tichenor, and any documents relating to this matter, are located within the NDNY. Finally, it is highly probable that any defendants and witnesses that might be called to testify would be located in the NDNY. Significantly, because plaintiff is currently incarcerated within the Western District of New York, he would suffer no inconvenience from a transfer of this case to the NDNY. In any event, assuming arguendo that plaintiff would be inconvenienced from a transfer, any such impact on plaintiff would be far outweighed by the multiplied litigation costs that would be shifted to the New York State taxpayers if this case remains in this district because it would force the remaining defendants and any non-party witnesses, who are all in the NDNY, to litigate the case in the Southern District. See, e.g., Schoenefeld, 2009 U.S. Dist. LEXIS 36529, at *6 (rejecting the pro se New Jersey plaintiff's argument that a transfer to the NDNY would increase her litigation costs and noting that "any inconvenience to plaintiff arising from litigating this case in the Northern District would be multiplied . . . and shifted to New York taxpayers if the case were to remain in this district."). Based upon all of these factors, this case should be transferred to the NDNY.

Accordingly, once former Superintendent Annetts were to be dismissed, this Court should transfer venue of this action to the NDNY under 28 U.S.C. § 1404(a) because the factors of convenience of the defendants, the witnesses, the location of the operative facts and relevant documents, the relative means of the parties, and trial efficiency far outweigh plaintiff's choice of forum. See, e.g., Fowlkes v. Rodriguez, 584 F. Supp. 2d 561, 578 (E.D.N.Y. 2008) (granting motion to transfer action to the NDNY under 28 U.S.C. §§ 1391(b) and 1404(a)); Shariff v. Goord, 2005 U.S. Dist. LEXIS 18602, at **25-26 (S.D.N.Y. Aug. 26, 2005) (granting motion to transfer action

11

to the Western District of New York under 28 U.S.C. § 1404(a)).

### POINT IV

**SHOULD THIS COURT TRANSFER VENUE, IT SHOULD ALSO STAY THE TIME FOR FURTHER RESPONSIVE PLEADINGS AND DISCOVERY PENDING ANY SCHEDULING BY THE NORTHERN DISTRICT COURT.**

For the reasons stated above, this Court should dismiss former Superintendent Annetts and transfer venue to the NDNY. To preserve the rights of the remaining defendants Rowe, Lennox, Nesmith, Dr. Thompson, and Tichenor, contemporaneously with any transfer order, this Court also should stay all of their deadlines under FED. R. CIV. P. 12(a)(1)(A) to file any responsive pleadings, and defer the setting of any deadlines for the NDNY court.

On May 19, 2009, in setting the briefing deadlines for this motion to dismiss and to transfer, including any defendants' reply by August 19, 2009, this Court also ordered that all discovery should be completed by October 30, 2009. (Doc. #33). Should this Court dismiss former Superintendent Annetts and order a transfer of venue to the NDNY, the remaining defendants Rowe, Lennox, Nesmith, Dr. Thompson, and Tichenor respectfully request that this Court also should stay the October 30, 2009 discovery deadline, pending the setting of any responsive pleading deadlines by the NDNY court. Should this motion remain pending beyond the October 30, 2009 deadline, to avoid potentially unnecessary and duplicative discovery costs, defendants respectfully request that this Court stay all discovery pending adjudication of this motion, which would promote compliance with FED. R. CIV. P. 1's dictate that the federal rules "should be construed and administered to secure the just, speedy, and _inexpensive_ determination of every action and proceeding." (emphasis added).

## CONCLUSION

For the foregoing reasons, former Superintendent Annetts should be dismissed with prejudice for lack of personal involvement, all official-capacity claims against remaining defendants Rowe, Lennox, Nesmith, Dr. Thompson, and Tichenor should be dismissed, this Court respectfully should transfer venue of this case to the Northern District of New York, and stay any responsive pleading and discovery deadlines.

Respectfully submitted,

ANDREW M. CUOMO
Attorney General of the
  State of New York
Attorney for Defendants
120 Broadway
New York, New York 10271

By:      _Frederick Wen_

FREDERICK H. WEN
Assistant Attorney General
120 Broadway
New York, New York 10271
(212) 416-6536
(212) 416-6075/6076/6009 (fax)
Fred.Wen@oag.state.ny.us

FREDERICK H. WEN
Assistant Attorney General
  of Counsel

Date completed: July 10, 2009

13

## DECLARATION OF SERVICE

FREDERICK H. WEN, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as

follows: that on July 10, 2009, he served the annexed Defendants' Memorandum of Law in Support

of Motion to Dismiss and to Transfer Venue on the <u>pro se</u> plaintiff by having it mailed via the

United States Postal Service to the following address:

> Rafael Solar
> 01-A-1508
> Attica Correctional Facility
> Box 149
> B-19-28 Cell
> Attica, NY 14011-0149

> *Frederick Wen*
> FREDERICK H. WEN
> Assistant Attorney General
> 120 Broadway
> New York, New York 10271
> (212) 416-6536
> (212) 416-6075/6076/6009 (fax)
> Fred.Wen@oag.state.ny.us

Executed on July 10, 2009



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ANDREW M. CUOMO
Attorney General

LESLIE G. LEACH
Executive Deputy Attorney General
Division of State Counsel

JUNE DUFFY
Assistant Attorney General in Charge
Litigation Bureau

July 10, 2009

**BY HAND DELIVERY**
Honorable William H. Pauley, III
United States District Judge
Southern District of New York
500 Pearl St., Room 2210
New York, NY 10007

Re:   Rafael Solar v. Downstate Corr. Fac. Med. Staff, et al.
      08-CV-05747 (WHP)

Dear Judge Pauley:

     I am an Assistant Attorney General in the office of Andrew M. Cuomo, Attorney General of the State of New York, attorney for the defendants in the above-referenced pro se 42 U.S.C. § 1983 complaint. I am filing defendants' notice of motion to dismiss and to transfer venue and declaration in support with accompanying memorandum of law, with the Clerk of Court today. I am attaching a courtesy copy of these documents for your chambers. Because there are no exhibits or other matters submitted with the motion, the defendants are not filing a Notice to Pro Se Litigant Who Opposes a Rule 12 Motion Supported By Matters Outside the Pleadings. Should Your Honor request such a notice, or a proposed scheduling order for responsive pleading or discovery deadlines, defendants will submit them to the Court. Please contact me if you have any questions.

     Respectfully submitted,

     Frederick H. Wen
     Assistant Attorney General
     120 Broadway
     New York, NY 10271
     (212) 416-6536
     (212) 416-6009/6075/6076 (fax)

Encls.

2

cc: (via First Class Mail):        Rafael Solar
                                   #01-A-1508
                                   Attica Correctional Facility
                                   Box 149, B-19-28 Cell
                                   Attica, NY 14011-0149